The money made by the sheriff was first directed to be applied to the discharge of the alias execution of Richard F. Yarborough; the original execution which preceded it was returned by the sheriff too late to hand. It does not appear that it had been (29) put into his hands in time for him to act under it; if not, it created no lien, and of course, the alias execution must share the fate of those with which it bears equal teste. The second application of the money by the sheriff was directed to the discharge of Nathan Perry's executions. They are dated 16 May, 1828; had each been preceded by an original execution bearing date 18 February, 1828, which were returned "levied upon one negro man, Edmund, a wagon and a colt, the property of Thomas Yarborough." If a venditioni exponas
with an alias fi. fa. clause had afterwards issued, such process would have continued the lien upon the defendant's property from the teste
of the first writs, provided they had not been satisfied by the proceeds of the sales under the venditioni exponas, which might have been the case. But as no venditioni exponas issued, the alias fi. fas. can have no preference over executions bearing equal teste, and must yield to those which are before them.
The return of the sheriff is made part of the case, and must be taken as true. In deciding upon that, it is not intended to decide any question between the sheriff and the creditors, but only those arising between the execution creditors.
Then it is assumed as a fact that in case the indemnity had not been given, the sheriff would not have levied upon the property, because it *Page 21 
was too doubtful whether the defendant had any title to it — whether the title had not passed from him. As the State Bank, or its agents, indemnified him, and must suffer in case the property proves not to be the defendant's, so they ought to be gainers, and have their execution satisfied in case it turns out to be his. This seems to be the justice of the case, and no principle of law has been shown that impugned it.
PER CURIAM. Let the judgment be reversed, and apply $615 of the money in office solely to the satisfaction of the execution (30) in favor of the State Bank against Thomas Yarborough, Lark Fox and James C. Jones, and applying the remaining $25 to the satisfaction of the execution in favor of R. F. Yarborough.
Cited: Washington v. Sanders, post 345; Ramsour v. Young, 26 N.C. 135;Harding v. Spivey, 30 N.C. 65; McIver v. Ritter, 60 N.C. 607; Bates v.Lilly, 65 N.C. 233; Isler v. Brown, 66 N.C. 562; James v. West, 76 N.C. 291;Pasour v. Rhyne, 82 N.C. 150.